947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose DOMINGUEZ-BARRERA, Defendant-Appellant.
 No. 90-50485.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1991.
Decided Oct. 30, 1991.
 
 Before ALARCON, WILLIAM A. NORRIS and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Dominguez-Barrera appeals the sentence imposed by the district court after pleading guilty to one count of reentering the United States after being deported, in violation of 8 U.S.C. § 1326. The appellant contends that the sentencing judge improperly increased his base offense level by four levels pursuant to the specific offense characteristics defined in U.S.S.G. § 2L1.2(b)(1). In the alternative, Dominguez argues that, if the judge properly determined that § 2L1.2(b)(1) applies to his offense, then that section is unconstitutional as it applies to the appellant. We have jurisdiction over this timely appeal under 18 U.S.C. § 3742, and we affirm.
 
 DISCUSSION
 
 3
 A. APPLICABILITY OF U.S.C.G. § 2L1.2(b)(1) TO VIOLATIONS OF 8 U.S.C. § 1326(a)
 
 
 4
 On appeal, Dominguez renews the charge that his offense level was improperly increased by 4 levels pursuant to the specific offense characteristic.[1] The appellant makes three main arguments to support this claim: (1) the 4-level increase on the basis of Dominguez' prior felony convictions was improper because it negates or largely negates the effect of his plea bargain; (2) § 2L1.2(b)(1) was intended only to apply to violations of 8 U.S.C. § 1326(b)(1); and (3) the appellant's prior felony convictions, which were not mentioned in the indictment to which he pleaded, are not "relevant conduct" under U.S.S.G. § 1B1.3(a)(4) that the judge could consider in calculating the offense level. Because these are issues of how the Guidelines apply to undisputed facts, they are legal questions that we review de novo. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990).
 
 
 5
 1. Effect of enhancement on plea agreement.
 
 
 6
 Dominguez first argues that application of the 4-level enhancement to his sentence violates the spirit of his plea agreement. However, an examination of either the facts or our recent opinion in Arias-Granados reveals this argument is without merit.
 
 
 7
 This very issue was squarely addressed by this court's recent opinion in United States v. Arias-Granados, slip op. at 11,217 (9th Cir. Aug. 13, 1991). In Arias, the defendant made the same plea arrangement as Dominguez, a guilty plea to the lesser offense of § 1326(a). Like Dominguez, Arias claimed that the enhancement of his sentence through use of his prior felony conviction under section 2L1.2(b)(1) violated the spirit of the plea agreement. In rejecting Arias' claim, this court noted that "[a]ppellants' pleas were made with their eyes wide open and with knowledge of the relevant Guideline provisions: there was no agreement by the government that the provisions of the Guidelines would not be followed." Id. at 6. The court noted that Arias did receive some benefit as a result of the plea as the government gave up the right to obtain a sentence higher than the two year maximum term allowed under § 1326(a).
 
 
 8
 The facts demonstrate that the same situation is presented in this case. Dominguez made his plea with full knowledge of the relevant Guidelines provisions; the government did not agree not to rely upon the specific offense characteristic of the applicable guidelines range; and Dominguez was benefited by the plea because the court was prevented from sentencing him to more than two years, as the statutory maximum sentence under § 1326(a) is two years, whereas § 1326(b)(1) allows for a sentence of up to five years.
 
 
 9
 This was no abstract benefit to the appellant. While the Guidelines authorized a sentence of up to 30 months, the judge was constrained by the two-year statutory limit, and imposed a 24-month sentence. The appellant entered into the plea agreement to avoid exposure to the more severe penalties authorized by the more serious offense, and the record shows that he received the benefit of that plea.[2]
 
 
 10
 2. The intended scope of § 2L1.2(b)(1).
 
 
 11
 The appellant next argues that the specific offense characteristic under which his offense level was increased, § 2L1.2(b)(1), was intended by the Sentencing Commission to apply only to violations of § 1326(b)(1), and not to his offense, § 1326(a). Dominguez notes that, just as there are two distinct offenses defined at 8 U.S.C. § 1326(a) and (b)(1), so too are there two different offense levels in § 2L1.2 (i.e. 8, the base offense level, and 12, the base offense level plus the 4-level increase for the specific offense characteristic). He argues that this fact, combined with some chronological happenstance, indicates that the 4-level increase was intended only to apply to the more serious offense, § 1326(b)(1), and not to § 1326(a), the offense to which he pleaded guilty.
 
 
 12
 The probation officer answered this argument by observing that, whatever the circumstances surrounding the adoption and amending of § 2L1.2, that section simply does not distinguish between the different offenses defined in § 1326. The language of the relevant application note mirrors that of the guideline, stating:
 
 
 13
 A 4-level increase is provided under subsection (b)(1) in the case of a defendant who was previously deported after sustaining a conviction for a felony, other than a felony involving a violation of the immigration laws.
 
 
 14
 U.S.S.G. § 2L1.2, comment (n. 3). In addition, an application note to § 1B1.3 expressly rebuts the appellant's argument that the specific offense characteristic applies only to § 1326(b)(1):
 
 
 15
 A particular guideline (in the base offense level or in a specific offense characteristic) may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute.... Unless such an express direction is included, conviction under the statute is not required.
 
 
 16
 U.S.S.G. § 1B1.3, comment (n. 5) (emphasis added). Because § 2L1.2(b)(1) does not expressly require a violation of § 1326(b)(1), but instead speaks in terms that include the appellant's offense, the 4-level enhancement applies to violations of § 1326(a).
 
 
 17
 3. The appellant's felony convictions as "relevant conduct" under § 1B1.3.
 
 
 18
 The process of determining the appropriate guideline range has two distinct steps: first, the judge selects the guideline section most applicable to the offense of conviction, § 1B1.2, and then, in order to determine which of several base offense levels applies, or whether a specific offense characteristic applies, the judge considers such relevant conduct as is permissible under § 1B1.3. It was in this second step, in deciding whether the specific offense characteristic provided in § 2L1.2(b)(1) applies to the appellant, that the judge relied upon Dominguez' prior felony convictions to increase his offense level. The appellant argues that the prior convictions do not satisfy any of the relevant conduct provisions of § 1B1.3, and therefore that the judge erred in relying upon them to increase the offense level.
 
 
 19
 This argument is flatly rebutted by reference to § 1B1.3(a)(4). As indicated above, this subsection provides that a judge shall consider "any other information specified in the applicable guideline." U.S.S.G. § 1B1.3(a)(4). The applicable guideline, § 2L1.2, clearly specifies that the specific offense characteristic applies to a defendant who was previously deported after sustaining a felony conviction.
 
 
 20
 To avoid this result, the appellant argues that § 1B1.3(a)(4) must be read in conjunction with §§ 1B1.3(a)(1)-(3) in order not to render those subsections superfluous.[3] Dominguez contends that § 1B1.3(a)(4) is in fact a clarifying provision that permits consideration of information not contained in the indictment only if it first qualifies under one of the other three subsections. Because the appellant's prior felony convictions are not relevant under any of those provisions, Dominguez argues that they are not relevant under § 1B1.3(a)(4).
 
 
 21
 As with his argument about the intended reach of § 2L1.2, the appellant here asks us to read into a clear provision a limitation that is nowhere so much as suggested by the Guidelines themselves. Subsection § 1B1.3(a)(4) is not ambiguous, as the appellant argues; it clearly provides that factors specified in a specific offense characteristic shall be considered by the judge in determining the guideline range. Moreover, § 1B1.3(a)(4) does not render §§ 1B1.3(a)(1)-(3) superfluous; those provisions define rather narrow categories of relevant information that apply to all guideline sections, whether specified therein or not. Subsection (a)(4) adds to--and does not limit--those three categories by requiring the judge to consider any information that is specified in the relevant guideline section. The appellant's attempt to obfuscate these provisions notwithstanding, they are in fact quite clear. Dominguez' prior felony convictions are relevant conduct under § 1B1.3(a)(4) that the judge was required to consider in deciding whether the specific offense characteristic applied, and his offense level was properly increased.[4]
 
 
 22
 B. CONSTITUTIONALITY OF APPLYING § 2L1.2(b)(1) TO APPELLANT
 
 
 23
 As an alternative to his argument that the judge improperly increased his offense level pursuant to the specific offense characteristic, the appellant argues that if § 2L1.2(b)(1) was properly applied to his offense, then the application of that section to him deprived him of due process. Dominguez claims that the sentence enhancement provision, as applied to a violation of 8 U.S.C. § 1326(a), effectively results in a conviction under the more serious offense defined in § 1326(b)(1). Because he pleaded guilty only to § 1326(a), and because the government never proved the fact of his prior felony convictions beyond a reasonable doubt, the appellant contends that the enhancement of his sentence denied him due process. We review constitutional challenges to the Guidelines de novo. United States v. Brady, 895 F.2d 538, 539 (9th Cir.1990).
 
 
 24
 We addressed essentially this same argument in United States v. Restrepo, No. 88-3207, slip op. 13,869 (9th Cir. Oct. 4, 1991). In Restrepo, we held that it was not a violation of due process for a sentencing judge to enhance a sentence on the basis of uncharged, unconvicted relevant conduct provided that it was proved by a preponderance of the evidence. Id. at 654-55. Based on the facts of this case, we conclude that the standard was satisfied in Dominguez's case.
 
 
 25
 Dominguez's due process argument is premised on his assertion that the government failed to prove beyond a reasonable doubt the fact of his prior felony convictions. As we just noted, Restrepo only requires the government to prove the prior conduct by a preponderance of the evidence. Furthermore, in the criminal history section of Dominguez' presentence report, the probation officer listed the appellant's eight prior convictions. In his written objections to that report, Dominguez admitted that he had previously been convicted of a felony:
 
 
 26
 Section 2L1.2 applies where a defendant was previously deported after sustaining a felon conviction. While Mr. Dominguez does not dispute that he has sustained felony convictions, he objects to the application of a § 2L1.2(b) enhancement when the underlying offense of conviction is merely 8 U.S.C. § 1326(a) as opposed to § 1326(b)(1) or (2).
 
 
 27
 Defendant's Objections to Previously Filed Pre-Sentence Report at 2-3 [ER at 23-4] (emphasis added).[5] This affirmative concession by the appellant relieved the government of its burden of establishing--by any standard--the fact of Dominguez' prior felony convictions. We hold, therefore, that the appellant's due process rights were not violated when the judge relied upon those prior felony convictions to enhance the sentence pursuant to § 2L1.2(b)(1).
 
 CONCLUSION
 
 28
 Because the appellant's prior felony convictions are relevant factors that the sentencing judge was required to consider under § 2L1.2(b)(1) and § 1B1.3(a)(4), the judge properly enhanced the sentence by four levels in accordance with the specific offense characteristic. Moreover, application of that enhancement provision to the appellant did not violate his due process rights. The sentence is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Were it not for that increase, the appellant's guideline sentencing range would have been 12-18 months. Since the sentence imposed was 24 months, the alleged error would not be harmless
 
 
 [2]
 The appellant argues that the "small benefit" to him of entering the plea was largely the result of his high criminal history category. He contends, however, that § 2L1.2(b)(1) distorts the plea bargaining process because it would not benefit defendants with less extensive criminal records in the same manner it benefited him. Whatever the effect may be in other cases, this argument is irrelevant to our decision, which, of course, is limited to the facts before us. And those facts, as we have indicated, show that Dominguez benefited from the plea bargain in that his sentence was limited by the two-year statutory maximum for a violation of § 1326(a)
 
 
 [3]
 Subsections 1B1.3(a)(1)-(3) describe three categories of relevant information that the judge shall consider in determining the guideline range. Subsection (a)(1) makes relevant "all acts and omissions committed or aided and abetted by the defendant ... that occurred during the commission of the offense of conviction ... or that otherwise were in furtherance of that offense;" (a)(2) applies to offenses that require the grouping of multiple counts, and requires consideration of "all such acts or omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction;" and (a)(3) makes relevant "all harm that resulted from the acts or omissions specified in subsections (a)(1) and (a)(2)." Subsection (a)(4), the one relied upon by the sentencing judge in this case, is the last of the subsections
 
 
 [4]
 It is because this case concerns an enhancement based on a prior felony conviction that the appellant's reliance upon United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990) is misplaced. In Castro-Cervantes, we held that a sentencing judge may not enhance a sentence under § 1B1.4 based on charges that were dismissed pursuant to the terms of a plea agreement. Id. at 1082. In reaching this result, we relied upon the conflict between § 1B1.4 ("Information to be Used in Imposing Sentence") and § 6B1.2 ("Standards for Acceptance of Plea Agreements"), and concluded that "the sentencing court should reject a plea bargain that does not reflect the seriousness of the defendant's behavior and should not accept a plea bargain and then later count dismissed charges in calculating the defendant's sentence." Id
 In the instant case, the judge did not depart upward based upon dismissed charges in a manner that violated the terms of the plea agreement; rather, he followed the directive of § 1B1.3(4), and enhanced Dominguez' sentence pursuant a specific offense characteristic. Again, the appellant confuses the district court's proper consideration of an enhancement factor--i.e. the prior felony convictions--with a separate substantive offense. The fact that the enhancement factor happens to be the defining element of a different offense does not thereby convert the appellant's conviction into a conviction for that more serious offense.
 The distinction between an enhancement factor such as a prior felony conviction and a separate substantive offense is mandated by our decisions in Arias-Granados and Castro-Cervantes. Because this case is indistinguishable from Arias-Granados, we reject appellant's reliance on Castro-Cervantes.
 
 
 [5]
 In addition, we note that, at the sentencing hearing, the appellant's counsel responded in the affirmative to the judge's question whether "the factual information set forth in the [presentence] report [is] correct." RT 7-23-90 at 2 [ER at 29]